**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE RODAS RODAS,<br><br>Petitioner,<br><br>v.<br><br>F. SAMIEA, et al.,<br><br>Respondents. | Case No. 5:26-cv-65-AB (SK)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S EX PARTE APPLICATION FOR EMERGENCY RELIEF [ECF 9]** |

On January 17, 2026, Petitioner Jose Rodas, who is represented by counsel, filed an emergency ex parte application for an order (1) preventing his transfer from this district or removal from the country pending further court order, and (2) releasing him from Respondents' custody. (ECF 9). The application follows a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241—filed just ten days before on January 7, 2026—that also seeks release from Respondents' custody. (ECF 1). According to that petition, although Petitioner received a bond hearing on December 16, 2025 after he was unexpectedly arrested on March 3, 2025, while on release under an administrative order of supervision, he still alleges that the December 16 bond hearing—which resulted in a detention order based on

1

dangerousness—violated federal due process for a variety of reasons. (ECF 1 at 4).

Meanwhile, Petitioner is in Respondents' custody at the Adelanto, California detention center located within this district, pending further administrative removal proceedings ordered on remand from the Board of Immigration Appeals on January 15, 2026. (ECF 8; ECF 9-1 at 5). At the same time, as Petitioner requested, this court ordered expedited briefing on his 28 U.S.C. § 2241 petition, with Respondents' answer due by January 20, 2026, and Petitioner's reply due five days later. (ECF 6).

Emergency ex parte relief preventing Petitioner's transfer from this district or removal from the country is appropriate to preserve this court's jurisdiction. However, request for release from Respondents' custody is duplicative of his request for that same relief on the merits under § 2241. *See Senate of State of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) ("[J]udgment on the merits in the guise of preliminary relief is a highly inappropriate result."); *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, (1981) (It is "inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits."); *Mendez v. U.S. Immigr. & Customs Enf't*, 2023 WL 2604585, at *3 (N.D. Cal. Mar. 15, 2023) (dismissing request for emergency equitable relief because "relief Plaintiffs are seeking in their motion for a TRO is not 'temporary' or 'preliminary' but rather it is the same ultimate relief they seek in their first amended complaint").

Petitioner has also been in Respondents' custody since March 2025 without filing any known request for emergency relief—much less on an ex parte basis—until just two days ago. *See generally Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *see also United States v. State of Oregon*, 769 F.2d 1410, 1414 n.4 (9th Cir. 1985) (the "label attached" to a filing "does not control its substance"). Meanwhile, Respondents' expedited answer to the pending petition remains due by no later than January 20, 2026 (tomorrow), and Petitioner's expedited reply is due by no later than January 26, 2026. Besides, if Petitioner may

2

not be transferred from this district or removed from the country pending further court order, the alleged exigency described in the ex parte application—transfer from this district or removal from the country—no longer exists.

For all these reasons, Petitioner's ex parte application is GRANTED IN PART ONLY.  **Respondents may not transfer, relocate, or remove Petitioner from the Adelanto detention facility—outside the Central District of California or from the United States—pending final disposition of his federal habeas petition or further order of the court.  Failure to comply with this stay-put order may lead to civil or criminal contempt proceedings.**  Otherwise, the application is DENIED WITHOUT PREJUDICE as moot insofar as Petitioner's request for release from Respondents' custody, as set forth in his pending petition, is already subject to an expedited briefing schedule and duplicative of the same relief sought in that petition.[1]

IT IS SO ORDERED.

DATED: January 19, 2026

HON. STEVE KIM
UNITED STATES MAGISTRATE JUDGE

cc: AB Chambers

---

[1] For further expedited procedural treatment, the parties may voluntarily elect to proceed before any federal magistrate judge in accordance with 28 U.S.C. § 636(c) by filing completed Forms CV-11B. The lack of such consent, however, carries no adverse substantive consequences.